UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Northern States Power Company, a Minnesota Corporation, Plaintiff, v. PECO Energy Company, a Pennsylvania Corporation, Defendant. | ) | Civil Action No. 00-302 (PAM/JGL) |

**STIPULATED PROTECTIVE ORDER**

The parties hereto have acknowledged that during the course of this action certain matters may be produced which are or may constitute a trade secret, confidential research, development, or otherwise confidential commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. The parties are desirous of protecting such confidential information from inappropriate disclosure, and have therefore stipulated that this protective order may be entered by the Court and that it shall govern all confidential information produced in these proceedings. Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Definition of Confidential Information

"Confidential Information" as used herein means any type or classification of information which is designated as confidential by the supplying party, whether it be a document,

FILED JUL 10 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, to or for any of the parties in this litigation .

2. Designation of Confidential Information

Each deposition transcript page or portion thereof, each interrogatory answer or portion thereof, each produced document or portion thereof, and each answer to request for admission or portion thereof, which is in good faith deemed by a party to disclose confidential information of that party, shall be so identified and marked "CONFIDENTIAL" by that party. In the case of transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence within thirty (30) calendar days after receipt of the transcript of the deposition. Pending notification from opposing counsel during the thirty (30) calendar day period, all transcript pages shall be treated as "Attorney's Eyes Only" and may be used in accordance with such designation under this Protective Order.

3. Treatment of Confidential Information and Persons Entitled to Access

Until and unless the Court rules that any information document or thing designated as Confidential is not confidential information, or may be disclosed beyond the limits permitted by this Order, access, copying and dissemination of such information, documents and things shall be limited to the following persons:

A. Outside and inside attorneys working on this litigation and staff and supporting personnel of such attorneys who are working directly on this litigation under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this litigation .

B. No more than a total of six non-employee experts for, or consultants to, a party (hereafter "outside experts"), who are not known to be, or to be employed by, a

competitor of any other party, and whose advice and consultation are being or will be used by the party in connection with this action, and their agents, stenographic and clerical employees whose duties and responsibilities require access to Confidential Material; provided, however, that before such access is given, such "outside experts" have agreed in writing in the form attached hereto as Exhibit A to be bound by the terms of this Protective Order.

C. In addition to individuals identified in 3A, not more than four (4) employees of Plaintiff and not more than four (4) employees of Defendant whose advice and consultations are being or will be used by a party hereto in connection with preparation for trial or trial of this action.

D. Court reporters, stenographers, clerks, law clerks, and other Court personnel employed by the Court.

4. <u>Materials Designated as "Attorneys Eyes Only"</u>

In the event that either party deems in good faith certain information, documents or things extraordinarily sensitive and, therefore, inappropriate for treatment merely as CONFIDENTIAL discovery material, such items may be designated and marked "FOR ATTORNEYS' EYES ONLY" in addition to the CONFIDENTIAL designation set forth in paragraphs 1, 2 and 3 above. Materials so designated may be disclosed only to persons as described in Paragraphs 3(A), 3(B) and 3(D).

5. <u>Restrictions on Use and Dissemination of Designated Information</u>

All information produced by a party in the course of this litigation and designated as CONFIDENTIAL or ATTORNEYS EYES ONLY pursuant to this Protective Order shall be used by the receiving party solely for the purpose of this litigation . Any person receiving

information designated pursuant to the provisions of this Protective Order shall be advised of this Protective Order.

6. Certain Information Not Subject to Scope of Order

The restrictions of this Protective Order shall not apply to information which (a) was, is, or becomes public knowledge, not in violation of this Protective Order, or (b) was or is acquired from a third party possessing such information and having no obligation of confidentiality to the designating party, or (c) the receiving party can establish that the information was in its rightful and lawful possession at the time of disclosure or is developed independently by the receiving party without the use of Confidential Information.

7. Exceptions by Court Order or by Agreement by Parties

Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information consents in writing to such disclosure, or if the Court, after notice to the other party and the opportunity to be heard, orders such disclosure.

8. Inadvertent or Unintentional Disclosure

The inadvertent or unintentional disclosure by the supplying party of information designated under this Protective Order, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the parties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the designated information. Upon receipt of written notification and identification of inadvertent disclosure of CONFIDENTIAL or ATTORNEYS EYES ONLY

information, the receiving party shall either mark the materials with the appropriate designation or return them to the producing party for such marking.

9. Challenges to Designations

A party shall not be obligated to challenge the propriety of a designation under this Protective Order at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that either party to this litigation disagrees at any point in these proceedings with the designation by the supplying party of any information, the parties shall first attempt to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court, and the party asserting confidentiality shall have the burden of proving same. The parties may, by written stipulation, provide for exceptions to this Order.

10. Filing of Briefs or Declarations Containing Confidential Information

In the event that a party wishes to use any information designated under this Protective Order in any affidavit, brief, memorandum of law, or other paper filed in Court in this litigation, at least the portion of the paper containing the designated information shall be filed under seal and maintained under seal by the Court while the non-confidential portion of the paper shall not be filed under seal, unless the filing party deems it necessary to do so to preserve the cohesiveness or integrity of the paper.

11. Modification of Protective Order

A party may seek the written permission of the other party or further order of the Court, after notice to the other party and opportunity to be heard, with respect to modification of this Protective Order.

12. Return or Destruction of Confidential Information

Within thirty (30) days after the final conclusion of this litigation, including all appeals, all originals and reproductions of any documents produced and designated under this Protective Order by a party shall be returned to the producing party except to the extent that there may have been entered thereon any information which constitutes the receiving party's work product in which event such documents shall be destroyed by the receiving party. Nothing in this Order shall prevent trial counsel from retaining a complete set of pleadings after final conclusion of this litigation .

13. Continuing Effect

Insofar as the provisions of this Protective Order entered in this action restrict the communication and use of the documents produced there under, this Order shall continue to be binding after the conclusion of this litigation except that a party may seek the written permission of the other party or further order of the Court, after notice to the other party and opportunity to be heard, with respect to dissolution or modification of this Protective Order.

14. Advice to Client Based on Confidential Information

Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering business or legal advice to his client with respect to this litigation and in the course thereof, referring to or relying upon the attorney's examination of designated information; provided, however, that in rendering such business or legal advice and in otherwise communicating with his clients, the attorney shall not disclose the contents or the source of any designated information.

15. Discovery Objections, Claim of Privilege

It is not the intention of this Protective Order to deal with any discovery objections to produce, answer or respond on the grounds of attorney-client privilege or work product or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

16. Examination of Witnesses Regarding Confidential Information

Notwithstanding any of the provisions of this Order, any witness subject to a noticed deposition or testifying in court in this litigation and his counsel of record may be shown, and questioned, concerning any document of which he is alleged or claims to be the author or a recipient or of which he is alleged to have knowledge. Nothing in this Order shall preclude Court officials, jurors or any certified reporter retained to transcribe depositions in this litigation from access to designated materials during judicial proceedings or depositions in this litigation.

17. Treatment of Confidential Information Produced by Third Parties

If in the course of this action discovery is sought from third parties which would require such parties to disclose and/or produce CONFIDENTIAL or ATTORNEYS EYES ONLY information, such third parties may gain the protections of this Protective Order by simply agreeing in writing to produce documents pursuant to this Order and to be bound by it. No further order of the Court shall be necessary to extend the protections of this Order to third parties.

IT IS SO ORDERED.

DATED this 10 day of July, 2000.

STIPULATED TO:

Alan G. Carlson
Scott W. Johnston
Gregory C. Golla
MERCHANT & GOULD P.C.
90 South Seventh Street, Suite 3100
Minneapolis, MN 55402-4131
Attorneys for Plaintiff, Northern States Power Company

John F. McNulty
PAUL & PAUL
2900 Two Thousand Market Street
Philadelphia, PA 19101
Attorney for Defendant, Peco Energy Company

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Northern States Power Company, a Minnesota Corporation, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 00-302 (PAM/JGL) |
| PECO Energy Company, a Pennsylvania Corporation, | ) | |
| Defendants. | ) | |

**EXHIBIT A - UNDERTAKING**

I, ______________________________, hereby acknowledge that I am to receive information designated under a Protective Order in the above-captioned litigation. I hereby certify my understanding that such information is being provided to me pursuant to the terms and restrictions of a Protective Order dated ______________________ in the above-captioned litigation and that I have been given a copy of, have read, and understand said Protective Order and agree to be bound by the terms thereof. I understand that any copy I make of any documentary material designated under the Protective Order containing information or any notes or other records that I make regarding such information shall be returned to the custody of the attorneys of record who provided me with such information after use by me in connection with the captioned matter.

I further agree and do hereby submit myself to the jurisdiction of the above-captioned Court in all matters concerning enforcement or violation of the Protective Order. For this purpose, I may be served and do hereby accept service by registered mail, return receipt requested, at the following address:

DATED this _____ day of _______________, 2_____.

NAME: ______________________________

ADDRESS: ______________________________

______________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.