UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Northern States Power Company,
a Minnesota corporation,

Plaintiff,

v.

PECO Energy Company,
a Pennsylvania corporation,

Defendant.

Civ. File No. 00-302 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendant PECO Energy Company's Motion in Limine to Reorder Proofs at Trial. For the reasons that follow, Defendant's Motion is granted.

**BACKGROUND**

The facts of this case are fully set forth in this Court's Memorandum and Order dated December 15, 2000. For the purposes of this Motion, only the following facts are relevant. On February 8, 2000, Plaintiff Northern States Power Company ("NSP") brought an action seeking a declaratory judgment that it is entitled to use the name Xcel Energy free from infringement of the name Exelon Energy. Exelon Energy is a trademark of Defendant PECO Energy Company ("PECO"). PECO counterclaimed, asserting claims of service mark infringement under the Lanham Act, the Minnesota Deceptive Trade Practices Act, and the common law, and seeking its own declaratory judgment that Xcel Energy infringes PECO's

FILED FEB 27 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

mark.

PECO seeks to reorder the presentation of evidence at trial. PECO argues that the proofs should be reordered because, although NSP is the plaintiff in the case, the burden of proof is on PECO to prove that Xcel Energy infringe's PECO's mark. NSP opposes PECO's Motion.

**DISCUSSION**

The Court has wide discretion to determine the order of proof at trial. Skogen v. Dow Chem. Co., 375 F.2d 692, 704, 706 (8th Cir. 1967). "Ordinarily, the trial court extends the privilege of opening and closing the case to the party that has the burden of proof." Anheuser-Busch, Inc. v. John Labatt, Ltd., 89 F.3d 1339, 1344 (8th Cir. 1996). Thus, the Court must examine the parties' contentions to determine who bears the burden of proof, and the trial should proceed accordingly.

It is clear that PECO bears the burden of proof in this case. NSP asserts that it bears the burden to show that PECO has no rights in the name Exelon. However, NSP's contention is an affirmative defense to PECO's claim of infringement, not an independent claim on which NSP bears the initial burden. PECO has claimed service mark infringement under both federal and state law, and has claimed a violation of the Minnesota Deceptive Trade Practices Act. PECO should be allowed to present its evidence first. If PECO can prove its prima facie case of infringement, then NSP will have the opportunity to respond with its affirmative defenses to that prima facie case.

The cases cited by NSP are not on point. In Anheuser-Busch, the Eighth Circuit upheld the district court's refusal to reorder the proof. 89 F.3d at 1344. However, in that case, the plaintiff brought two state-law tort claims in addition to a declaratory judgment claim, and thus bore the burden of proof on those tort claims. Id. Here, NSP brought only a declaratory judgment claim. Similarly, in Starter Corp. v. Converse, Inc., No. 95 Civ. 3678, 1996 WL 694437 (S.D.N.Y. Dec. 3, 1996), there was a dispute as to the court's jurisdiction to hear the plaintiff's declaratory judgment claim. 1996 WL 694437, at *2. The court determined that the plaintiff bore the burden to prove that jurisdiction existed, and thus reordering the proofs was not appropriate. Id. There is no dispute as to the Court's jurisdiction here. NSP does not bear the initial burden to prove any claim in this matter.

**CONCLUSION**

PECO bears the initial burden to prove its claims of infringement, and it should be allowed to present its evidence first. Accordingly, for the foregoing reasons, and upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant PECO Energy Company's Motion in Limine to Reorder Proofs (Clerk Doc. No. 62) is **GRANTED**.

Dated: February 27, 2001

Paul A. Magnuson
United States District Court Judge